J-S86016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEMETRIOUS KING | |
| Appellant | No. 105 WDA 2016 |

Appeal from the PCRA Order December 17, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016756-2012

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED MARCH 10, 2017**

Demetrious King appeals from the December 17, 2015 order entered in the Allegheny County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. King's counsel has filed with this Court a **_Turner/Finley_**[1] no-merit letter and a motion to withdraw as counsel.  We affirm the PCRA court's order and grant counsel's motion to withdraw.

The trial court summarized the relevant factual and procedural history of this matter as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa.Super. 1988) (_en banc_).

This matter arises out of [King's] guilty plea on December 17, 2013 to charges of flight to avoid apprehension[;] fleeing or eluding a police officer[;] altered forged or counterfeit documents; four counts of recklessly endangering another person; resisting arrest;[2] and[] various motor vehicle code violations. At the time of his plea [King] was represented by Attorney Frank Walker. After an appropriate colloquy regarding [King's] understanding of the charges, it was acknowledged that there was no plea agreement.[3] The Commonwealth presented a summary of the evidence regarding [King's] failure to stop for a traffic violation and an ensuing police chase culminating in [King's] arrest, to which there [were] no objections, additions or corrections. [King] also acknowledged executing the Guilty Plea and Explanation of Rights Form. [King's] plea was then accepted and a presentence report was ordered. In response to the indication that a presentence report was being ordered and being asked by the Court if he understood what that meant, [King] asked, "So that means I can get more time than what I'm signing the plea about?" In response to that comment Attorney Walker asked to confer with [King] and after doing so, [King] indicated that he understood.

At the sentencing hearing on July 17, 2014 Attorney Walker vigorously argued for a sentence structured so that [King] would be sentenced to consecutive sentences of 11 1/2 to 23 months "back to back" so that he "stays in the county, he can complete the GED program and gets assistance for his substance abuse.["] However, it was noted that this sentence could not be imposed as requested as it would be recognized as a state sentence and [King] would be transferred from the county jail. In addition, it was noted that [King's] guidelines were so high due to his lengthy criminal record that even in the

---

[2] 18 Pa.C.S. § 5126(a), 75 Pa.C.S. § 3733(a), 75 Pa.C.S. § 7122(1), 18 Pa.C.S. § 2705, and 18 Pa.C.S. § 5104, respectively.

[3] The trial court's reference to "no plea agreement" means that the Commonwealth and King had not agreed upon a sentence or other concession in return for King's guilty plea.

mitigated range, the sentence was 21 to 42 months. After discussion about a possible probation violation, the following exchange took place:

> The Court: I don't know the facts of the probation hearing. That is a separate issue that we will have to deal with at a later date. Is there anything you want to say on this case?
>
> [King]: The reason I took the plea was because I understood that I was going to get 11-and-a-half to 23 months.
>
> The Court: I can't do that, do you understand? Do you want to take a minute and talk to him?
>
> Mr. Walker: Sure.

After conferring with [King], Attorney Walker indicated that he explained the situation to [King], including the background and presentence report and "how parole and probation works together and sometimes against each other." Counsel then asked for a sentence at the bottom of the mitigated range. [King] then was sentenced to concurrent sentences of 21 to 42 months at counts one and two and a concurrent sentence of 12 to 24 months at count three. He was then sentenced to 10 years of aggregate probation on the remaining counts. [King] was then given an opportunity to ask a question about the sentence at which time he questioned the length of the probation. In response, [King] was informed that if he had no probation violations after three years probation, he could request a reduction at that time.

[King] filed a pro se PCRA Petition on April 3, 2015 and a Amended PCRA petition was filed on September 4, 2015. In the Amended Petition[,] claims were raised of ineffective assistance of counsel in failing to file post sentence motions or an appeal and in inducing [King] to enter into his plea by promising him that he would receive a county sentence. The Commonwealth filed an answer conceding that an evidentiary hearing was necessary to address the claims. [On November 5, 2015, King filed a Supplemental Amended PCRA petition.]

At the PCRA hearing, [King] identified a letter he received from Attorney Walker dated October 23, 2013 that was offered into evidence.[1] [King] indicated that he believed that the letter stated that Mr. Walker could negotiate a sentence of a 11 1/2 to 23 months of county time and he would be paroled forthwith so that he could go home and take care of his father. [King] testified that based on the information supplied to him by Mr. Walker, it was guaranteed he would get 11 1/2 to 23 months and that was the reason that he pleaded guilty. [King] testified that at the time of the guilty plea he stated that the reason he took the plea was that he was getting 11 1/2 to 23 months. [King] further testified that when given an opportunity to speak to counsel at the sentencing hearing he was trying to explain that one of the charges against him should have been dismissed and that he had paperwork showing that it had been dismissed, presumably at the preliminary hearing. [King] indicated further that when speaking to counsel that Mr. Walker suggested that he should withdraw from the case at the sentencing, but [King] did not really know what Mr. Walker was going to do. He testified that Mr. Walker never explained to him that the 11 1/2 to 23 months was not a promise. [King] testified that he did not explain the situation to the Court because Mr. Walker told him not to say anything and that every time that he tried to talk the Court reprimanded him and instructed him to talk with Mr. Walker. [King] testified that he would have never taken the plea if he knew that he was going to be sent to a state prison.

[1] The letter of October 23, 2013 from Attorney Walker to [King] states in pertinent part: "As you know, your case was postponed until December 17, 2013 in order to have a representative from the probation office present to address your possible detainer issue and address your sentence. **In is my intent to request a county sentence and that the judge take no further action on the detainer.** I will also request that you be paroled forthwith."

Attorney Walker testified at the PCRA hearing that he never guaranteed or promised that [King] would get a county sentence. In relation to the letter of October 23, 2013, he testified that:

> "It was my attempt to inform him what my intentions were going to be at sentencing, because he was asking what is going to happen at sentencing. I said it is my intention to argue for a county sentence, because he did inform me about his father being sick, and I said I am going to ask for a county sentence, there are no guarantees, the guidelines are pretty high."

Attorney Walker denied promising that he would receive 11 1/2 to 23 months indicating that he told [King]:

> "Just that his guidelines are pretty high, and my assessment of the discovery and my interactions with the officers on the case, that if he were to go to trial it was my estimation that he would probably be found guilty and if found guilty, we would no longer be able to be talking about a County sentence or mitigate it. It would probably be in the middle or higher range of the standard sentence."

Attorney Walker recalled [King] stating at the sentencing hearing that the only reason that he took the plea was because he was going to get 11 1/2 to 23 months. When instructed to talk to his client, Attorney Walker indicated that:

> "I went over the same thing I just spoke about. **I said, listen, I can ask the Court to withdraw the plea, we can ask for a new court and go to trial.** There is a chance he would say no since you have already plead guilty, but at this point we are at the sentencing phase and you have already accepted responsibility for your actions. If we go to trial, like I told you in the beginning, you would probably be found guilty, **and it is**

- 5 -

> **totally your choice, let me know what you**
> **want to do.**" (Emphasis added)
>
> Attorney Walker indicated that [King] then told him to
> "go ahead" and did not instruct him to request to withdraw
> the guilty plea. Counsel also denied that [King] wanted
> him to withdraw as counsel or that he told [King] that he
> would withdraw as counsel. After consideration of all of
> the evidence an order was entered on December 17, 2015
> dismissing the PCRA petition. [King] filed a timely appeal.

PCRA Ct. Op., 7/13/16, at 1-5 (citations omitted, emphasis in original).

On February 23, 2016, the PCRA court ordered King to file within 21 days a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On March 10, 2016, King filed a Rule 1925(b) statement. Thereafter, on August 5, 2016, King's PCRA counsel filed a motion to withdraw from representation and a no-merit letter.

Before we may address the merits of King's appeal, we must determine whether his PCRA counsel has satisfied the requirements for withdrawal under **Turner**/**Finley**. Counsel must

> file a "no-merit" letter detailing the nature and extent of
> his review and list[ing] each issue the petitioner wishes to
> have examined, explaining why those issues are meritless.
> The PCRA court, or an appellate court if the no-merit letter
> is filed before it, then must conduct its own independent
> evaluation of the record and agree with counsel that the
> petition is without merit.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa.Super. 2012) (internal citation omitted). Counsel also must serve copies of the petition to withdraw and no-merit letter on the petitioner and advise the petitioner that he or she

has the right to proceed *pro se* or with privately retained counsel. ***Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa.Super. 2011).

In his no-merit letter, PCRA counsel states that he reviewed the record. Also in the letter, PCRA counsel identifies the issue that King wishes to raise and explains why the issue is meritless. PCRA counsel also mailed a copy of the petition and no-merit letter to King and informed King of his right to withdraw the appeal, to retain private counsel, or to proceed without counsel. We conclude that PCRA counsel has complied with the dictates of ***Turner***/***Finley***.

Because King did not file a *pro se* brief or a brief by private counsel, we will address the merits of the one issue raised by PCRA counsel: "Whether trial counsel gave ineffective assistance for inducing [King] into pleading guilty by promising [King] that he would receive a county sentence?" No-Merit Letter at 4.

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." ***Commonwealth v. Melendez–Negron***, 123 A.3d 1087, 1090 (Pa.Super. 2015).

When analyzing ineffectiveness claims, "[w]e begin . . . with the presumption that counsel [was] effective." ***Commonwealth v. Spotz***, 18 A.3d 244, 259-60 (Pa. 2011). "[T]he [petitioner] bears the burden of proving ineffectiveness." ***Commonwealth v. Ligons***, 971 A.2d 1125, 1137 (Pa. 2009). To overcome the presumption of effectiveness, a PCRA petitioner must demonstrate that: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." ***Id.*** "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." ***Id.***

King argues that prior counsel was ineffective for inducing him to plead guilty by promising him that he would receive a sentence in county jail.

The PCRA court found:

> In this case, there is no question that [King] and counsel discussed that a request would be made for a county sentence or that plea counsel made repeated requests that any sentence be structured so that [King] could remain in the county jail. In addition, there is no question that [King] hoped for a county sentence and that his hope for such a sentence may have been an important factor in his decision to enter his plea. However, the record simply does not support [King's] contention that he was guaranteed or promised that he would receive a county sentence or that his plea was involuntary or unintelligent. The letter from counsel of October 23, 2013 clearly does not guarantee or promise a county sentence and makes it clear that it was a request that would be ma[d]e and argued for. In addition, at the very beginning

of the plea proceeding, the record is clear that there was "no plea agreement."

Attorney Walker's testimony that he did not guarantee or promise a county sentence to [King] is credible and consistent with his written communication with [King]. Likewise, Attorney Walker's testimony regarding their discussion and [King's] decision to not make a request to withdraw his plea at the sentencing hearing, after [King] made the statement that he took the plea because he "understood" he was going to get a county sentence, is also credible. Although [King] may have been faced with a difficult choice once it was made known that he would not receive a county sentence, it is clear that he was given an opportunity to discuss it with counsel and counsel again advised him of the risks of going to trial versus continuing with the sentencing. Attorney Walker's testimony that [King] told him to "go ahead" with the proceedings as opposed to requesting that the plea be withdrawn is credible. Contrary to the assertion that [King] was not given the opportunity to discuss the proceedings, [King] was given the opportunity to discuss with counsel proceeding [sic] when it was made clear that he would not receive a county sentence. In addition, [King] was given the opportunity to direct his question or request about the sentencing to the Court and at that time [King] raised only a question about the length of his probation. As noted above, although [King] may have hoped for a county sentence, the evidence supports the finding that he entered into a knowing, voluntary and intelligent plea that was not induced by a promise or guarantee that he would receive a county sentence. There is no evidence to support the claim that counsel was ineffective and, therefore, the petition was appropriately denied.

PCRA Ct. Op. at 7 (citations omitted). Because the record supports the

PCRA court's credibility determinations, we are bound by them.

*Commonwealth v. Dennis*, 17 A.3d 297, 305 (Pa. 2011). Accordingly,

King's underlying substantive claim does not have arguable merit, and we

need not address the remaining ineffectiveness prongs. We conclude that the PCRA court properly denied King's PCRA petition.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2017